# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMOS CENDALI JR., <br><br> Plaintiff, <br> vs. <br><br> TREX ENTERPRISES CORP, <br><br> Defendant. | CASE NO. 07CV2323-LAB (NLS) <br><br> **ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT** |

On December 12, 2007, Plaintiff Amos Cendali filed a motion to proceed *in forma pauperis* ("IFP"), along with his complaint.

**I.    IFP Motion**

Plaintiff declares he is unemployed and has an income of $20 weekly and no cash. The only asset he lists is a 1998 Saturn automobile. In response to the IFP application form's question about dependents, Plaintiff states he "takes care of his family and his family takes care of him." The Court infers this statement, in light of Plaintiff's small income, to mean most of his financial support comes from family members.

The Court finds that Plaintiff is without funds to pay the required $350 filing fee and therefore **GRANTS** Plaintiff's application to proceed IFP.

/ / /

/ / /

## II. Screening Under 28 U.S.C. § 1915(e)(2)

Under § 1915(e)(2), the Court screens Plaintiff's complaint before ordering service of process by the U.S. Marshals' Service.

Although Plaintiff has included no allegations in his complaint, a review of the attachments suggests he was injured at work after which he was dismissed. As an initial matter, it is not completely clear what Plaintiff believes his cause of action is. In the caption, he cites 42 U.S.C. § 12101 and mentions "right to sue for disa[b]ility discrimination." The Court construes this to mean he is suing Defendant Trex Enterprises Corp., his former employer, for discrimination under the Americans with Disabilities Act. *See* 42 U.S.C. § 12112.

The caption also refers to long-term disability insurance, and Plaintiff has attached pages apparently from his former employer's long-term disability plan's summary plan description. The Court construes this to mean Plaintiff wishes to make claims for failure to provide coverage as provided under the plan.

Plaintiff also cites certain portions of the record in an action he brought in California state court. The nature of this action is not completely clear, but it appears to have arisen from the same facts. On the basis of the portions of the docket Plaintiff cites, it seems action was dismissed in part for lack of jurisdiction.

This pleading does not satisfy the requirement of Federal Rule of Civil Procedure 8(a), that the complaint set forth a "short and plain statement of the grounds for the court's jurisdiction," and a "short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff demands $1 million in damages.

Assuming Plaintiff is pursuing a discrimination claim under the Americans with Disabilities Act and a benefit claim under ERISA, the Court may have jurisdiction. But because Plaintiff has not explained why he is entitled to relief, the Court cannot evaluate its jurisdiction. Furthermore, it is apparent at least some of these issues were the subject of litigation in state court. The specifics of that action are never explained, however. It is possible the state court dismissed the disability plan claim because it believed this was an

ERISA matter and jurisdiction lay exclusively with the federal courts. However, it is equally possible the reference to lack of jurisdiction has nothing to do with ERISA, and refers to lack of personal jurisdiction for failure to serve the defendant with process, or to Plaintiff's having failed to meet the prerequisites to filing suit, or possibly to something else entirely. To the extent Plaintiff is simply appealing an adverse ruling in state court, the R*ooker-Feldman* doctrine bars litigants, such as Plaintiff, who have lost in state court from complaining in federal court of injuries caused by state-court judgments rendered before the district court proceedings commenced from asking district courts to review and reject those judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 284 (2005). Furthermore, it is not even clear the state court proceedings have been concluded.

Plaintiff included no factual allegations in his complaint. He did attach exhibits, emphasizing certain portions and details with underlining, circling, arrows, etc., apparently assuming the Court would understand the significance of the facts he was pointing out and would piece together his argument. However, it is Plaintiff's responsibility to explain why he is entitled to the relief he requests. The Court cannot serve as Plaintiff's advocate by guessing at his allegations and creating arguments for him. *Licon v. Marshall*, WL 2121647, slip op. at *2 –*3 (S.D.Cal., July 23, 2007) (citation omitted) (explaining that a court is not "required to examine the entire record and create arguments on [a party's] behalf").

Because Plaintiff has not shown that the Court has jurisdiction nor has he explained why he is entitled to relief, will dismiss his complaint without prejudice. Plaintiff will be given leave to amend his complaint, but he must do the following:

1. Plaintiff must explain why the Court has jurisdiction.

2. Plaintiff must state plainly what claims he is making against Defendant. Specifically, he must explain what Defendant did or failed to do, and why he is entitled to be awarded $1 million in damages as a result.

3. Plaintiff must explain what claims he brought in state court and how the state court dealt with those claims. He may do this by either providing a plain statement summarizing the case history (including any rulings dismissing claims, any ruling finally dismissing the

case, and the current status of the case), or else by attaching a copy of his complaint and copies of all rulings made by the state court.

### III. Conclusion and Order

The complaint is thus **DISMISSED WITHOUT PREJUDICE**. If Plaintiff wishes to amend his complaint to remedy the deficiencies identified in this order, he may do so no later than **30 days from the date this order is entered**.

**Should Plaintiff fail to amend within the time permitted, this action will be dismissed without further notice to Plaintiff.**

**IT IS SO ORDERED**.

DATED: December 14, 2007

*(signature)*

**HONORABLE LARRY ALAN BURNS**
United States District Judge