# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMOS CENDALI JR.,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br><br>TREX ENTERPRISES CORP,<br><br>　　　　　　　　　　Defendant. | CASE NO. 07CV2323-LAB (NLS)<br><br>**ORDER ACCEPTING AMENDED COMPLAINT AND DISMISSING AMENDED COMPLAINT** |

On December 12, 2007, Plaintiff Amos Cendali, proceeding *pro se*, filed a motion to proceed *in forma pauperis* ("IFP"), along with his complaint. On December 14, 2008, the Court issued an order granting Plaintiff leave to proceed IFP. In the same order, the Court conducted the mandatory screening required under 28 U.S.C. § 1915 and dismissed the complaint. Plaintiff was given leave to file an amended complaint correcting the deficiencies of his dismissed complaint. Specifically, the Court noted Plaintiff had included no statement of jurisdiction or factual allegations. In addition, Plaintiff made references to California state court proceedings but it was unclear what had taken place in the state court. The order specifically admonished Plaintiff as follows:

　1.　Plaintiff must explain why the Court has jurisdiction.

　2.　Plaintiff must state plainly what claims he is making against Defendant. Specifically, he must explain what Defendant did or failed to do, and why he is entitled to be awarded $1 million in damages as a result.

3. Plaintiff must explain what claims he brought in state court and how the state court dealt with those claims. He may do this by either providing a plain statement summarizing the case history (including any rulings dismissing claims, any ruling finally dismissing the case, and the current status of the case), or else by attaching a copy of his complaint and copies of all rulings made by the state court.

Plaintiff was permitted to amend his complaint no later than 30 days from the date the Court's order was entered. Plaintiff, however, took no further action until contacting the Clerk's office on February 14, 2008, at which time he now says he discovered the Court had already issued its order.

Plaintiff has now filed a motion to extend the 30-day time limit (the "Motion"), and has submitted his proposed amended complaint (the "FAC") along with his motion. The Motion explains the address Plaintiff provided to the Court was actually a mailing address and not his actual residential address. Plaintiff says he had repeatedly called family members who lived there, and was told nothing from the Court had arrived for him.

## I.    Plaintiff's Motion for Extension of Time to Amend Complaint

Civil Local Rule 83.11(b) requires parties proceeding *pro se* to keep the Court informed of their current address. Plaintiff is cautioned that, in future, he should provide an address where he can reliably receive mail. While the reported explanation that the order did not arrive in the mail is open to question, the Court accepts the truth of it on this occasion. The Court therefore **GRANTS** Plaintiff's Motion and accepts the FAC for filing.

**Because Plaintiff is now on notice that one mailing sent to the address he provided to the Court either did not arrive or was not forwarded to him, he should take steps to make sure he receives all future mailings from the Court in a timely fashion, and is informed of developments in his case. Plaintiff is directed to contact the PACER Service Center at (800) 676-6856 between the hours of 8:00 a.m. and 5:00 p.m., Central Time, to arrange for access to the docket.**

/ / /

/ / /

/ / /

### II.  Mandatory Screening

Having accepted the FAC, the Court now performs the mandatory screening required under 28 U.S.C. § 1915. The pleadings are disordered, but the Court has construed them liberally. *Haddock v. Board of Dental Examiners of Cal.*, 777 F.2d 462, 464 (9th Cir. 1985).

Because Plaintiff is proceeding IFP, the Court is required to dismiss his complaint to the extent it fails to state a claim. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim.") The Court applies the same standard as for motions to dismiss under Fed. R. Civ. P. 12(b)(6). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

In his original complaint filed in this Court, Plaintiff included no allegations of fact showing why he was entitled to relief. Instead, he provided citations to authority and attached various documents which he annotated with arrows, circles, etc., apparently expecting the Court would review these documents and create arguments for him. The Court specifically advised Plaintiff it would not do so, and directed him to include factual allegations.

In his FAC, Plaintiff included only a few scattered factual allegations, and again attached documents which he annotated with arrows, circles, X's, etc. He again provided citations without explanation, this time to 28 U.S.C. § 1441(b), 42 U.S.C. § 12101, California Civil Code §§ 51 and 54, and Fed. R. Civ. P. 81(a). (FAC at 1–2.) Attached documents, however, show Plaintiff injured his foot at work on November 20, 2003 and was terminated by his employer the next day. (*Id.* at 14, 24.) His medical appointment appears to have been canceled (*id.* at 26–27), although his employer offered him COBRA. (*Id.* at 24.)

Plaintiff did, however, attach copies of the state court's rulings as directed, and the Court relies on these to determine what claims Plaintiff pursued in state court and what claims he now wishes to bring.

Plaintiff filed his complaint against Defendant in the San Diego County Superior Court on June 12, 2006, identifying his cause of action as "Right to Sue for Disa[b]ility

Discrimination." (FAC at 9 (caption of *Cendali v. Trex Enterprises Corp.* No. GIC867339.)[1] Plaintiff's second amended complaint in that action alleged he suffered an injury at work and afterward was terminated. (Motion at 9 (Superior Court minute order issued April 24, 2007).) The Superior Court determined Plaintiff's injury was actually a worker's compensation claim, and concluded the Workers' Compensation Appeals Board had exclusive jurisdiction over that claim. (*Id.*) The Superior Court also determined that although Plaintiff cited Cal. Civil Code §§ 51 and 54, as he does in this action, he had not shown his former employer, Trex Enterprises Corp., was covered by either section. (*Id.* at 10.) The Superior Court also dismissed his claims for disability discrimination and for wrongful disclosure of medical information. (*Id.* at 9.) The attached documents also suggest he attempted to bring some kind of claim involving a UNUM Life Insurance Company of America plan (*id.* at 60), possibly a claim for denial of benefits.

Plaintiff then followed this dismissal by bringing a claim in the Superior Court against Defendant for unspecified violations of public policy, which was dismissed for lack of jurisdiction on September 28, 2007. (Motion at 23.)

It is clear Plaintiff has already litigated, or had an opportunity to litigate most of his claims in state court. This action, therefore, represents either an appeal from the state court judgment or an attempt to relitigate them. To the extent Plaintiff is complaining the Superior Court's dismissal of his claims was improper, the *Rooker-Feldman* doctrine bars this court from considering his action. *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003) (holding *Rooker-Feldma*n doctrine bars plaintiffs in federal court from complaining of a legal injury caused by a state court judgment in a case in which the federal plaintiff was one of the litigants). To the extent Plaintiff is simply attempting to litigate claims he brought or could have brought in the state court action based on the same transaction and occurrence, the defense of *res judicata* is apparent on the face of the complaint. *See Western Radio Services Co., Inc. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) ("Res judicata, also

---

[1] Plaintiff attached photocopies of the exhibits but did not effectively differentiate between them. The Court will therefore adopt Plaintiff's method of pagination.

known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action.")

In his Motion, he also includes some legal terminology labeled "Summ[]ary of Prosecution Charges" in which he mentions that he wishes to enforce the UNUM Life Insurance of America Portability Policy Contract." (Motion at 26.) Elsewhere, he has included the Certificate of Coverage from UNUM Life Insurance Company of America. (*Id.* at 4.) The Superior Court's rulings do not mention this policy, and it appears Plaintiff mentioned this policy for the first time in the action at bar. Apparently Plaintiff believes this policy has something to do with disability or health care, and he may be attempting to appeal a denial of his claim. Because this is a life insurance policy, however, it is apparent Plaintiff is not entitled to payment. Because federal courts have exclusive jurisdiction over claims arising under ERISA, 29 U.S.C. §§ 1001–1461, *see esp.* § 1132(e) (providing for federal courts' exclusive jurisdiction over most actions brought under ERISA), any claim for benefits under a plan governed by ERISA, or any other claim arising under ERISA, could not have been litigated in state court and is thus not barred by either res judicata or the *Rooker-Feldman* doctrine.

### III.  Conclusion and Order

Because all claims Plaintiff stated in the FAC are barred either by res judicata or the *Rooker-Feldman* doctrine, it is clear the defects in the complaint cannot be cured by amendment. The complaint is therefore **DISMISSED**. All claims, other than claims under ERISA, are hereby **DISMISSED WITH PREJUDICE**.

Because Plaintiff alluded to benefits under a plan that may have been governed by ERISA, this dismissal is without prejudice to any such claims Plaintiff may have. If Plaintiff wishes to bring a claim under ERISA, however, he has not explained what that claim is. Because it is not clear Plaintiff cannot state a claim for denial of benefits or some other claim under ERISA, Plaintiff will be permitted to amend his complaint to state such a claim. **If he attempts to bring a claim under ERISA, Plaintiff is directed to review Fed. R. Civ. P. 8,**
/ / /

**to state the facts on which his claim is based, and to explain why he is entitled to relief.**

If Plaintiff wishes to file a second amended complaint bringing claims under ERISA, he should first seek leave to do so by filing a motion to file a second amended complaint, and should attached his proposed second amended complaint to his motion.  Plaintiff is cautioned that his proposed second amended complaint should not include any claims previously litigated in state court.  If Plaintiff wishes to file such a motion, he may do so no later than **30 days from the date this order is entered.  Plaintiff is also cautioned that if he fails to seek leave to file a second amended complaint within the time permitted, or if his proposed second amended complaint does not state a claim under ERISA, his complaint may be dismissed with prejudice, without further notice to him.**

**IT IS SO ORDERED**.

DATED: February 28, 2008

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge