1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMOS CENDALI JR., | CASE NO. 07CV2323-LAB (NLS) |
| Plaintiff, vs. | **ORDER DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |
| TREX ENTERPRISES CORP, | |
| Defendant. | |

    Plaintiff, who is proceeding *pro se*, filed his Complaint on December 12, 2007. On December 14, 2007, the Court granted his motion to proceed *in forma pauperis*, screened his Complaint, and dismissed it. On February 20, 2008, Plaintiff filed his First Amended Complaint ("FAC"). On February 29, 2008, the Court issued an order dismissing the FAC and requiring Plaintiff, if he wished to file a second amended complaint, to seek leave to do so within 30 days. On March 27, 2008, Plaintiff submitted his proposed second amended complaint ("SAC") accompanied only by a caption page indicating the attached complaint was his SAC. The Court construed as a motion for leave to file the attached SAC and accepted by discrepancy order.

/ / /

/ / /

The Court has reviewed Plaintiff's proposed SAC and now **DENIES** his motion for leave to file it. In its order issued February 29, 2008, the Court dismissed all claims with prejudice except claims brought under ERISA, which were dismissed without prejudice.

Plaintiff was previously cautioned twice about the "short and plain statement" requirement of Fed. R. Civ. P. 8, yet again has not complied with it. He was also twice directed to include factual allegations rather than merely attaching documents and quoting statutes, and to include a statement of explaining why the Court has jurisdiction over this matter, yet has failed to comply with this requirement as well. Although Plaintiff was previously warned the Court was not free to act as his counsel by reading attached documents and constructing allegations and arguments for him (*see* Order Dismissing Complaint at 3:11–16 (citing *Licon v. Marshall*, WL 2121647, slip op. at *2 –*3 (S.D.Cal., July 23, 2007)), he again pursued this strategy. His attached grievance letters, however, establish he is capable of submitting documents explaining his position. His proposed SAC is somewhat more readable than his first two attempted complaints, but still would give the Defendant no clear notice what his claims are.

At the Court's direction, Plaintiff attached to his FAC copies of state court rulings. On this basis, the Court determined most of Plaintiff's claims had already been litigated and could not be relitigated in this action. The only potential claims this Court might have jurisdiction over would be any ERISA claims he might have had, although his FAC never articulated any and only incidentally referred to ERISA and employee benefit plans. The Court therefore dismissed all claims with prejudice except for any possible ERISA claims Plaintiff might have, which were dismissed without prejudice.

The proposed SAC attempts to resurrect the claims the Court has already dismissed with prejudice, and still fails to state an ERISA claim. The closest he comes is to include the title page of a long-term disability policy issued by UNUM and to mention the name of this plan. The documents he attaches suggest that he broke his toe in a worksite accident and was experiencing pain, although he could still walk. (Proposed SAC at 7–9 (grievance letter to employer).) His chief complaint at that time was that he wanted his employer send him

to the doctor and to provide him with a pair of steel-toed boots so he could continue working safely. (*Id.*) He was seen by a doctor, who took X-rays and told him his toe would require 8 to 16 weeks to heal. (*Id.*) He was terminated the same day, before a decision was made about providing steel-toed boots. (*Id.*) These documents make clear Plaintiff thinks he was injured but not disabled. His chief grievance, as outlined in the supporting documents (though not alleged) is that his employer fired him immediately after he was injured.

Discharging an employee for exercising his rights under a benefit plan, or interfering with those rights is actionable under § 510 of ERISA, 29 U.S.C. § 1140. Because there is no allegation Plaintiff was terminated for exercising his rights under his employer's medical plan, or terminated in order to prevent him from exercising his rights under his employer's short-term or long-term disability plan, Plaintiff has not stated a claim under this provision. Nor has he stated a claim under any other provision of ERISA.

Although the proposed SAC is rejected for filing, it is not absolutely clear at this point Plaintiff cannot state a claim under ERISA, which appears to be the only viable claim he may have. Any claim under § 510 would, however, require Plaintiff to allege and prove he was eligible for benefits under the plan. *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1134 (7th Cir. 1992). While the attached documents suggest Plaintiff was eligible for medical care under his employer's medical plan, there is no suggestion he was disabled as defined by his employer's short-term or long-term disability plan. (SAC at 12 (termination letter, giving COBRA notice and informing Plaintiff regarding upcoming termination of participant status in his employer's medical, long-term disability, and short-term disability plans).)

Because it is not absolutely clear Plaintiff cannot state a claim under ERISA, he will be given one last opportunity to amend his complaint. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a *pro se* complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)). If Plaintiff wishes to amend his complaint further, however, he **must** observe **all** of the following requirements:

1. Plaintiff must file a motion for leave to file a second amended complaint no later than **30 calendar days from the date this order is issued**. He must attach his new proposed second amended complaint to this motion. This motion may be filed *ex parte*.

2. The proposed second amended complaint must be complete in itself, without reference to any previously filed complaints. See Civil Local Rule 15.1. In other words, Plaintiff should prepare his proposed second amended complaint as if it were the first and only complaint filed.

3. The proposed second amended complaint must meet **all** requirements set forth in Fed. R. Civ. P. 8(a) and (d), and 10. When preparing his proposed second amended complaint, Plaintiff must comply with all directions and admonitions included in the Court's previous orders regarding the content and form of his complaint. Among these requirements is the requirement that Plaintiff make factual allegations showing he is entitled to relief. Plaintiff is specifically advised that including, quoting, or attaching documents is not a substitute for making allegations.

4. The proposed second amended complaint must not include any claims that have been dismissed with prejudice.

5. Any documents Plaintiff wishes the Court to consider must be attached as exhibits to the proposed second amended complaint, and not included in the body of the complaint. In the body of the proposed second amended complaint, Plaintiff must explain the significance to his claim of any exhibits he attaches.

Plaintiff is advised that if he fails to comply with these requirements, or any other requirements under the Federal Rules of Civil Procedure, the Civil Local Rules, or the Court's standing order, any proposed second amended complaint he submits may be rejected for filing and his complaint dismissed without leave to amend.

**If Plaintiff fails to amend his complaint successfully within the time permitted, or if he fails to comply with any of the conditions set forth above, this action shall be dismissed without leave to amend, without further notice to Plaintiff.**

**IT IS SO ORDERED**.

DATED: April 4, 2008

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge