# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMOS CENDALI JR.,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>TREX ENTERPRISES CORP,<br><br>　　　　　　　　　　Defendant. | CASE NO. 07CV2323-LAB (NLS)<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

　　　　Plaintiff, who is proceeding *pro se*, filed his Complaint on December 12, 2007. On December 14, 2007, the Court granted his motion to proceed *in forma pauperis*, screened his Complaint, and dismissed it. On February 20, 2008, Plaintiff filed his First Amended Complaint ("FAC"). On February 29, 2008, the Court issued an order dismissing the FAC and requiring Plaintiff, if he wished to file a second amended complaint, to seek leave to do so within 30 days. On March 27, 2008, Plaintiff submitted his proposed second amended complaint accompanied only by a caption page indicating the attached complaint was his second amended complaint. The Court construed as a motion for leave to file the attached amended complaint and denied the motion by an order filed April 8, 2008 ("April 8 Order").

　　　　The April 8 Order required Plaintiff, if he wished to file a motion for leave to file a second amended complaint, to comply with all the following requirements:

> 1. Plaintiff must file a motion for leave to file a second amended complaint no later than **30 calendar days from the date this order is issued**. He must attach his new proposed second amended complaint to this motion. This motion may be filed *ex parte*.
>
> 2. The proposed second amended complaint must be complete in itself, without reference to any previously filed complaints. *See* Civil Local Rule 15.1. In other words, Plaintiff should prepare his proposed second amended complaint as if it were the first and only complaint filed.
>
> 3. The proposed second amended complaint must meet **all** requirements set forth in Fed. R. Civ. P. 8(a) and (d), and 10. When preparing his proposed second amended complaint, Plaintiff must comply with all directions and admonitions included in the Court's previous orders regarding the content and form of his complaint. Among these requirements is the requirement that Plaintiff make factual allegations showing he is entitled to relief. Plaintiff is specifically advised that including, quoting, or attaching documents is not a substitute for making allegations.
>
> 4. The proposed second amended complaint must not include any claims that have been dismissed with prejudice.
>
> 5. Any documents Plaintiff wishes the Court to consider must be attached as exhibits to the proposed second amended complaint, and not included in the body of the complaint. In the body of the proposed second amended complaint, Plaintiff must explain the significance to his claim of any exhibits he attaches.

(April 8 Order at 4:1–14.)

Plaintiff was advised that if he fails to comply with these requirements, or any other requirements under the Federal Rules of Civil Procedure, the Civil Local Rules, or the Court's standing order, any proposed second amended complaint he submitted would be rejected for filing and his complaint dismissed without leave to amend. (*Id.* at 4:15–18.) Plaintiff was also given the specific admonition: "**if he fails to comply with any of the conditions set forth above, this action shall be dismissed without leave to amend, without further notice to Plaintiff.**" (*Id.* at 4:19–21 (emphasis in original).)

On May 2, 2008, Plaintiff submitted for filing a pleading captioned "Notice, Motion for Leave to File a Second Amended Complaint" ("SAC Motion"). Although Plaintiff's proposed second amended complaint was not attached to the SAC Motion as ordered, but simply included in the body of the SAC Motion. The Court therefore construes the SAC Motion purely as a motion to file a second amended complaint ("SAC"). Because the SAC Motion is being denied, Plaintiff will not be permitted to file a SAC.

    Plaintiff has complied only partially with the first and second enumerated requirement. Because Plaintiff does not explain his claims adequately, it is unclear whether he has complied with the fourth requirement.

    Plaintiff completely fails to comply with the third and fifth requirements. Rather than making allegations and explaining why he is entitled to relief in compliance with the third enumerated requirement and Fed. R. Civ. P. 8(a), Plaintiff merely recounts events surrounding his injury and termination, cites authority, and quotes documents, apparently expecting the Court to sort through the pleadings and state his claim for him.

    This failure gives rise to the most serious problem — *i.e.*, Plaintiff has again failed to state a claim in terms giving notice of what relief he is seeking and why. Because many of Plaintiff's claims have already been litigated in state court, the only possible claims over which the Court may have jurisdiction are claims under ERISA, over which federal courts have exclusive jurisdiction. A defendant, looking at a complaint containing information in the SAC Motion, would have only a marginal idea what claim(s) Plaintiff was making.

    In earlier versions of the complaint, it appeared Plaintiff might be attempting to state a claim under § 510 of ERISA, 29 U.S.C. § 1140, based on a theory that Plaintiff was terminated for exercising his rights under his employer's medical plan, or terminated in order to prevent him from exercising his rights under his employer's short-term or long-term disability plan. Plaintiff makes no such allegation in his SAC Motion, however.

    In the SAC Motion, Plaintiff might be attempting to state a claim for denial of benefits under his employer's long-term disability plan, as permitted under 29 U.S.C. § 1132(a)(1)(B) and (d)(1). He has not, however, alleged he submitted a claim for benefits, nor has he alleged he was denied benefits, nor that his claim was ignored.

    Furthermore, he has named his former employer as Defendant, without alleging his employer administered the short-term or long-term disability plan or made the decision to deny him benefits. *See, e.g.*, *Ford v. MCI Communications Corp. Health & Welfare Plan*, 399 F.3d 1076, 1081 (9th Cir. 2005) (holding that ERISA permits civil actions for denial of benefits against a plan administrator or the plan as an entity (citing 29 U.S.C.

§ 1132(a)(1)(B), (d)(1)).  Rather, the pleadings suggest UNUM Life Insurance Company of America, rather than Plaintiff's employer, was the plan administrator.  (*See* SAC Motion at 10:7–24 (quoting summary plan description's explanation that UNUM made disability determinations), 27:7–27 (quoting summary plan description's explanation that UNUM would decide claims under the plan and notify plan participants regarding claim acceptance or denial).) Because he has not alleged his former employer denied him benefits, and because it appears there would be no basis for such an allegation, the SAC Motion does not show why Plaintiff should be permitted to file a SAC.

Leave to file a SAC is hereby **DENIED**.  As provided in the April 8 Order, this action is hereby **DISMISSED WITHOUT LEAVE TO AMEND**.

**IT IS SO ORDERED**.

DATED: May 7, 2008

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge