# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMOS CENDALI JR.,<br><br>  vs.                               Plaintiff,<br><br>TREX ENTERPRISES CORP,<br><br>                              Defendant. | CASE NO. 07CV2323-LAB (NLS)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER OF DISMISSAL**<br><br>[Dkt. no. 16] |

    Plaintiff, proceeding *pro se* and *in forma pauperis*, filed his complaint on December 12, 2007 seeking damages against his employer based on unclear factual allegations and legal theories. After two attempts at amendment, it became clear Plaintiff would not be able to amend his complaint to state a claim on which relief could be granted. The Court therefore issued an order dated May 7, 2008 and entered May 8, 2008 denying Plaintiff leave to file a second amended complaint and dismissing the action without leave to amend. Judgment was entered on May 13, 2008.

    Plaintiff then filed a pleading styled "Notice, Motion Objection to Court Order Rul[]ing Dated May 7, 2008 & The Civil Judgement Entered on May 13 2008 by the Clerk & Deputy Clerk" (the "Reconsideration Motion"). The Reconsideration Motion was filed *nunc pro tunc* to May 30, 2008. The Court construes this as a motion to vacate the order of dismissal, pursuant to Fed. R. Civ. P. 59(e) or 60, and to reconsider the denial of leave to file a second

amended complaint. The body of this motion consists of nothing more than a brief statement of procedural history, a request for a hearing, a citation to the rejected proposed second amended complaint, a request for service by the U.S. Marshals service, and a request for a stay.

Under Rule 59(e), a motion to alter or amend a judgment must be filed no later than ten days after the entry of judgment. Because of the short time period, under Fed. R. Civ. P. 6(a) the day of the triggering event (here, the entry of judgment) is not counted, nor are Saturdays, Sundays, or legal holidays.

Because judgment was entered on May 13, 2008, Plaintiff's motion under Rule 59 would have had to be filed no later than Wednesday, May 28, 2008. This motion, filed on May 30, is late. The Court therefore construes it as a motion under Rule 60(b). *Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001). The bases for relief under Rule 60(b) are limited, however, and the Reconsideration Motion does not show why any of the reasons for granting relief under Rule 60 is present.

Even if Plaintiff had timely filed his Reconsideration Motion, it would have been denied regardless of which rule it was brought under. The Reconsideration Motion identifies no clear error in the Court's order, manifest injustice, or any other reason why the Court should revisit its earlier order. *See Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (identifying circumstances when reconsideration would be appropriate). A motion for reconsideration should not be granted absent "highly unusual circumstances." *389 Orange Street Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999).

The Reconsideration Motion is therefore **DENIED**. No further motions for reconsideration are to be filed in this closed docket.

**IT IS SO ORDERED**.

DATED: June 9, 2008

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge